**Mr. and Mrs. Wenford DOGGETT and Mr. and Mrs. William Tillery**

v.

**COUNTY SAVINGS AND LOAN COMPANY.**

Civ. A. No. 8176.

United States District Court, E. D. Tennessee, N. D.

June 26, 1973.

Robert H. Watson, Jr., Knoxville, Tenn., for plaintiffs.

Norbert J. Slovis, Knoxville, Tenn., for defendant.

MEMORANDUM AND ORDER

ROBERT L. TAYLOR, District Judge.

This is an action against defendant, County Savings and Loan Company, for

the alleged violation of the Consumer Credit Protection Act, Title 15 U.S.C. § 1601 et seq. Plaintiffs claim they were denied the informed use of credit by the failure of the defendant to properly notify them of their right to rescind under Title 15 U.S.C. § 1635(a).

Both sides have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and have submitted affidavits in support of their motions. It appears from these affidavits that on August 23, 1972 plaintiffs, Mr. and Mrs. Wenford Doggett, entered into a contract with Ten-Ky Aluminum Sales for certain repairs and improvements to be made on their home. Ten-Ky and defendant had an arrangement whereby the defendant would provide financing for Ten-Ky's customers. Pursuant to this arrangement, and on the same day as entering into the home improvement contract, plaintiffs completed a loan application with the defendant.[1] At this time plaintiffs were also given a "Notice of Right of Rescission" form dated August 23, 1972. The notice informed them that they had just entered into a transaction; it named defendant as the creditor; and stated that plaintiffs had until midnight of August 26 in which to cancel the transaction.[2]

Shortly after August 23, Ten-Ky commenced work on plaintiffs' home.[3] By September 8, 1972, the work had been completed and plaintiffs signed a "Completion Certificate for Property Improvement Loan." They were also given on this date a Federal Disclosure Statement, and they signed a promissory note and security agreement. The defendant did not file its security instruments until September 14, 1972.

Plaintiffs, Mr. and Mrs. William Tillery, on February 14, 1972, entered into a similar contract for home improvements with State Siding and Roofing Company. They were given an application for a loan with the defendant and a notice of rescission. The notice of rescission presented to the Tillerys stated that they had entered into a transaction on February 14 and that they had until February 17 in which to rescind.[4] The Tillerys also received at this time a F. H.A. Home Improvement Disclosure Statement which computed their total payments to be $7,200.00.

On March 15, 1972, the work having been finished by State Siding, plaintiffs signed a Completion Certificate. A federal disclosure statement was provided which stated among other things that the total payments were $8,640.00. The Tillerys signed a promissory note and security agreement and on March 20 the defendant filed its security instruments.

■ The basic question for determination is whether under the facts presented the defendant complied with Section 1635(a) and the regulations applicable thereto. The Consumer Credit Protection Act was passed "to assure a meaningful disclosure of credit terms" to consumers. 15 U.S.C. § 1601. Section 1635(a) provides:

"Except as otherwise provided in this section, in the case of any consumer credit transaction in which a security interest is retained or acquired in any real property which is used or is expected to be used as the residence of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business

---

1. A factual conflict exists as to whether the Doggetts personally contacted defendant at this time or received the loan application and notice of rescission from the Ten-Ky representative. We do not consider these disputed facts material to the resolution of the issue.

2. The notice of rescission given by the defendant was a standard form set out in the regulations at 12 C.F.R. § 226.9(b).

3. The exact time when Ten-Ky began work is not clear from the affidavits.

4. The Tillerys received two notice of rescission forms one listed defendant as creditor, the other named State Siding as creditor. See, 12 C.F.R. § 226.9(b) as to the number of forms required generally.

day following the consummation of the transaction or the delivery of the disclosures required under this section and all other material disclosures required under this part, whichever is later by notifying the creditor, in accordance with regulations of the Board of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, an adequate opportunity to the obligor to exercise his right to rescind any transaction subject to this section."

The specific purpose of this section is discussed in Gardner & North R. & S. Corp. v. Board of Gov's, Fed.Res.Sys., 150 U.S.App.D.C. 329 464 F.2d 838, 841 (1972).

Title 15 U.S.C. § 1604 delegates to the Board of Governors of the Federal Reserve System the power to prescribe regulations to effectuate the purposes of the Act. In 12 C.F.R. § 226.9 the Board has promulgated regulations relating to a consumer's right to rescind certain transactions.[5] Paragraph (a) of this section further clarifies the general rule set out in the statute. This paragraph states, in part, that:

"Except as otherwise provided in this section, in the case of any credit transaction in which a security interest is or will be retained or acquired in any real property which is used or is expected to be used as the principal residence of the customer, the customer shall have the right to rescind that transaction until midnight of the third business day, following the date of consummation of that transaction or the date of delivery of the disclosures required under this section and all other material disclosures required under this part, whichever is later, by notifying the creditor  . . ."[6]

When a customer has the right to rescind, paragraph (b) of this section prescribes the notice required to inform him of that right. This paragraph provides in part that:

"  .  .  .  Before furnishing copies of the notice to the customer, the creditor shall complete both copies with the name of the creditor, the address of the creditor's place of business, the date of consummation of the transaction, and the date, not earlier than the third business day following the date of the transaction, by which the customer may give notice of cancellation  .  .  ."

5. Under 12 C.F.R. § 226.12 a State may apply to the Board for an exemption of certain transactions occurring within the State from the requirements of Chapter 2 of the Act and the corresponding provisions of the regulations. We know of no such application by the State of Tennessee. See, T.C.A. § 47–13–119

6. The definitional section of the regulations defines the following terms which appear throughout Section 226.9.

"Consummation of the transaction" means "[a] transaction shall be considered consummated at the time a contractual relationship is created between a creditor and a customer irrespective of the time of performance of either party." 12 C.F.R. § 226.2(cc).

"Transaction" means a consumer credit transaction unless the context indicates otherwise. 12 C.F.R. § 226.2(bb).

"Consumer Credit" means "credit offered or extended to a natural person, in which the money, property, or service which is the subject of the transaction is primarily for personal, family, household, or agricultural purposes and for which either a finance charge is or may be imposed or which pursuant to an agreement, is or may be payable in more than four installments." 12 C.F.R. § 226.2(k).

"Creditor" is defined in the regulations as "a person who in the ordinary course of business regularly extends or arranges for the extension of consumer credit, or offers to extend or arrange for the extension of such credit." 12 C.F.R. § 226.2(m).

The term "customer" means "a natural person to whom consumer credit is offered or to whom it is or will be extended, and includes a comaker, endorser, guarantor, or surety for such natural person who is or may be obligated to repay the extension of consumer credit." 12 C.F.R. § 226.2(o).

Under the facts presented we find that the notices of rescission given were ineffective and that the overall procedure used by the defendant to inform plaintiffs of their rights under the Act was in contravention of the regulations.

A consumer has the right to rescind a credit transaction until the third business day following the date of the consummation of the transaction or until delivery of all the disclosures required, whichever is later. The regulations contemplate that a consumer credit transaction is consummated when a contractual relationship exists between a creditor and customer. When the transaction is consummated the creditor must give notice of the right to rescind, which should contain, among other things: the name and address of the creditor, and the date not earlier than the third business day following the date of the transaction on which the customer may cancel.

The notices of rescission furnished to both the Doggetts and the Tillerys were inaccurate in two respects. First, the notices stated that plaintiffs had just entered into a transaction. Yet at the time they received their notices there was not a consumer credit transaction between them and the defendant. The only contractual relationship in existence at this point in time was between plaintiffs and the home improvement companies. Even if these contracts could be considered consumer credit transactions the notices of rescission listed the defendant and not the improvement companies as creditor.

The second difficulty with the notices provided was that the date stated, as the date in which plaintiffs could cancel the transaction, was totally misleading. As just noted, there was no transaction in existence at this time which could have been cancelled and assuming there were the three day period would still not have run because the material disclosures re-

quired under the Act had not been provided.[7]

The more obvious deficiency in the procedure utilized by the defendant was that the plaintiffs were not informed of the financial repercussions of their actions until after the work was completed by the home improvement contractors. Paragraph (c) of Section 226.9 states that:

"Except as provided in paragraph (e) [8] of this section, the *creditor in any transaction subject to this section,* other than an extension of credit primarily for agricultural purposes, *shall not* perform, or cause or *permit the performance of, any of the following actions until after the rescission period has expired and he has reasonably satisfied himself that the customer has not exercised his right of rescission:*

"(1) Disburse any money other than in escrow;

"(2) *Make any physical changes in the property of the customer;*

"(3) Perform any work or service for the customer; or

"(4) Make any deliveries to the residence of the customer if the creditor has retained or will acquire a security interest other than one arising by operation of law." (Emphasis added)

The expiration of the rescission period did not occur until three days after a contractual relationship arose between plaintiffs and the defendant and all material disclosures had been supplied. By the time this occurred in this case the work on both plaintiffs' homes had been completed and they had signed completion certificates at the behest of the defendant.

■ Section 1640(a)(2) of the Act provides for attorney's fees. During the hearing on the motion, we asked counsel for plaintiffs what amount he thought

---

7. Under the facts of this case, the F.H.A. disclosure given to the Tillerys did not satisfy the requirements of the Act. We note that defendant itself chose to supply a second statement, and that the total amount financed on the second statement varied from the amount stated in the earlier statement.

8. The exceptions set out in this paragraph are not applicable to the case at hand.

adequate for his services. Counsel stated he did not feel justified in setting a figure and that he was more interested in the welfare of his clients than fees. Counsel for defendant in response to the same question from this Court indicated that $1,500.00 in each case would not be excessive. We do not agree. The recovery in this case is limited to $1,000.00 for each claim. 15 U.S.C. 1640(a)(1). Although we recognize that counsel for the plaintiffs has done considerable work, we are of the opinion that $500.00 in each case, or a total of $1,000.00 would be reasonable.

Accordingly, it is ordered that plaintiffs' motion for summary judgment be, and the same hereby is, granted. Further, it is ordered that defendant's motion be, and the same hereby is, denied.